1  James P. Segall-Gutierrez, SBN 240439
2  **Law Offices of James P. Segall-Gutierrez**
   6709 Greenleaf Avenue, Suite 202
3  Whittier, California 90601
   Telephone:  (562) 321-5950
4  Facsimile:   (562) 907-3791
   Email:       jpsglaw@gmail.com
5
6  Attorneys for Plaintiff:
7  Edward Mahoney



8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  EDWARD MAHONEY, father, and an      Case No.:
    individual as Successor in Interest to
12  decedent Michael Mahoney;           CV14-6065 bRO-ASx

13                                      **COMPLAINT FOR DAMAGES:**
        PLAINTIFF,                      **CIVIL RIGHTS VIOLATIONS**
14  vs.                                 **(42 U.S.C. §1983);**
                                        **STATE LAW CLAIMS**
15  THE CITY OF OXNARD; OXNARD
16  POLICE  DEPARTMENT,  OXNARD
    POLICE  DEPARTMENT  OFFICERS
17  JOE BENTLEY, DAVID MCALPINE,        **[DEMAND FOR JURY TRIAL]**
    AND  MANUEL  PEREZ;  VENTURA
18  COUNTY     MEDICAL     CENTER-
19  HILLOMNT PSYCHIATRIC CENTER;
    and DOES 1 -10, Inclusive.
20
21      DEFENDANTS.

22      COMES NOW Plaintiff Edward Mahoney, Successor in the Interest to Decedent

23  Michael Mahoney, and alleges as follows:

24

25              **I.  JURISDICTION AND VENUE**

26      1.      Plaintiff brings this action pursuant to 42 U.S.C. §§ 1981 and 1983. This

27  court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343.

28      2.      This district court is the proper venue for this action pursuant to 28 USC

§1391(b)(2) because this is a civil action not founded solely on diversity of citizenship and this judicial district is where a substantial part of the events or omissions that give rise to claims alleged.

## II. PARTIES

3.      Plaintiff, Edward Mahoney, was a resident of the City of Oxnard since 1977 at the 340 South "H" Street, Oxnard, California , and is now subsequent to the death of his son out of fear for his life, is a resident in the state of Oregon.  Plaintiff is the father of decedent Michael Mahoney, herein after "Mahoney".  Plaintiff is also the Successor in Interest to decedent Michael Mahoney pursuant to California Code of Civil Procedure Section 377.30 et seq.

4.      Defendant CITY OF OXNARD is a municipal entity created and authorized under the laws of the State of California.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

5.      Defendant OXNARD POLICE DEPARTMENT is a governmental/public entity organized under the laws of the State of California.

6.      The POLICE OFFICER DEFENDANT JOE BENTLEY was employed as an officer of the OXNARD POLICE DEPARTMENT, and Said Defendant was acting under color of state law and is also sued in his individual capacity.

7.      The POLICE OFFICER DEFENDANT DAVID MCALPINE was employed as an officer of the OXNARD POLICE DEPARTMENT, and Said Defendant was acting under color of state law and is also sued in his individual capacity.

8.      The POLICE OFFICER DEFENDANT MANUEL PEREZ was employed as an officer of the OXNARD POLICE DEPARTMENT, and Said Defendant was acting under color of state law and is also sued in his individual capacity.

9.      POLICE OFFICER DEFENDAT DOES 1-10 were employed as officers of the OXNARD POLICE DEPARTMENT, and Said Defendants were acting under color of state law and are also sued in their individual capacities.

10.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereupon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged, were proximately caused by the acts and or omissions of each of them.

11.     At all times relevant herein, POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, were police officers, sergeants, captains, commanders, and/or civilian employees, agents and representatives of the OXNARD POLICE DEPARTMENT and employees, agents and representatives of the CITY OF OXNARD.

12.     At all times relevant hereto, said POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of the OXNARD POLICE DEPARTMENT, a department and subdivision of defendant CITY OF OXNARD and at all times were acting with permission and consent of their co-defendants.

13.     At all times relevant to the present complaint, POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, were acting within their capacity as employees, agents, representatives and servants of defendant CITY OF OXNARD, which is liable under the doctrine of *respondeat superior* pursuant to section 815.2 of the California Government Code.

14.     Defendant VENTURA COUNTY MEDICAL CENTER AND HILLMONT PSYCHIATRIC CENTER and DOES  is a governmental/public entity organized  under

the laws of the State of California.

## III. FACTS COMMON TO ALL ACTIONS

15.    On August 14, 2012, at or around 12:45 p.m., Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, arrived, allegedly after a motorist informed them that there was a man with a gun, to 340 South "H" Street, Oxnard, California.

16.    Immediately upon arriving, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, entered into 340 South "H" Street, Oxnard, California home and after coming into contact with  him, officers fired several rounds at  Mahoney and at least one gunshot wound was to his chest.

17.    Mahoney was transported to the Ventura County Medical Center on 3291Loma Vista Road in the neighboring city of Ventura, CA, where he was pronounced dead at 1:45 p.m.

18.    On August 13, 2012, one day before the shooting, the Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 20, inclusive, had responded two times to Mahoney's known home address at 340 South "H" Street, Oxnard, California.

19.    On or about ten days prior to the August 14, 2012 shooting, OXNARD POLICE OFFICER DOE DEFENDANTS, via a Section 5150 authority under the California Welfare and Institutions code, transported Mahoney to the Ventura County Medical Center, then was admitted to the Psychiatric Unit at Hillmont Psychiatric Center located at 200 Hillmont Avenue, Ventura, CA. which is next to the Ventura County Medical Center on or about two days after.

20.    The  Hillmont  Psychiatric  Center  released  Michael  Mahoney  soon

**COMPLAINT FOR DAMAGES**

thereafter in the same state of disorder as upon admission. Mahoney required much more intervention and treatment.

21.    The use of any force, much less deadly force, in these circumstances, which were precipitated by POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, was excessive and unreasonable under the circumstances, and deprived Mahoney of the rights, privileges and immunities guaranteed him by the Fourth, and Fourteenth Amendments to the United States Constitution, in violation of Title 42, United States Code, Section 1983.  Said Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, excessive use of force also deprived plaintiff Edward Mahoney of the rights, privileges and immunities guaranteed to her by the Fourteenth Amendment to the United States Constitution, in violation of Title 42, U.S.C. § 1983.

22.    By reason of the afore-described acts, omissions and conspiracy of defendants and each of them, Plaintiff Edward Mahoney suffered mental injuries, trauma, pain, and shock to their nervous system, anxiety, degradation, humiliation, fear and emotional distress; and Mahoney was wrongfully killed, all to his damage in an amount not yet ascertained but to be proved.

23.    By reason of the herein-described acts and omissions of defendants, plaintiff Edward Mahoney, suffered and will continue to suffer loss of financial support thereby suffering in an amount not yet ascertained but to be proved.

24.    By reason of the acts and omissions of defendants described herein, plaintiff were required to retain an attorney to institute and prosecute the within action and to render legal assistance to plaintiff that that they might vindicate the loss and impairment of their rights as described herein; and therefore plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988

25.    Plaintiffs further contend that Defendant CITY OF OXNARD and the

OXNARD POLICE DEPARTMENT are individually, jointly and severally liable for those violations of Plaintiff's constitutional rights, referenced herein, in that the officers and the Defendants CITY OF OXNARD and the OXNARD POLICE DEPARTMENT have:

(1) Tolerated, condoned and encouraged a pattern of brutality and use of excessive force by members of the Oxnard Police Department (hereinafter sometimes abbreviated "OPD") against City of Oxnard residents and others, particularly with residents that have mental disorders or disabilities,

(2) Systematically failed, for many years, to properly and adequately monitor and investigate such incidents and to supervise and discipline the officers involved, and;

(3) Created an environment and culture in which officers and supervisors are encouraged to engage in and to conceal the misconduct of other resulting in the current situation in the OPD where officers believe that they can violate, with impunity, the rights of persons such as Plaintiffs;

(4) Inadequately trained officers with regard to proper restraint and usage of weapons;

(5) Inadequately selected, trained, monitored and supervised Oxnard Police Officers and their supervisors.

26. Plaintiff is informed and believes and thereon alleges that the intentionally, negligently and recklessly failed to use proper and established law enforcement tactics regarding the proper detention of suspects, and the proper deployment of firearms.

27. Instead, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive,  acted without regard to Plaintiff's rights, recklessly and intentionally and negligently exacerbated and inflamed the incident.

28. After all the events described above, and after Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, shot

Mahoney, failed to promptly summon medical assistance for Mahoney, and, in fact, actively failed to provide life rescue and engaged in delaying medical assistance for Mahoney, in violation of  Mahoney's constitutional and civil rights, and in violation of OPD policy, procedures, and protocols and in violation of CITY OF OXNARD policy, procedures, and protocols.

# I. COUNT ONE

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE USE OF FORCE (AGAINST CITY OF OXNARD AND THE OXNARD POLICE DEPARTMENT AND OXNARD POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive.)

29.    Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs above, as though fully set forth herein.

30.    This first cause of action is brought under Title 42 U.S.C. §§ 1983, 1985, and 1988 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution for the violation of the civil rights of Plaintiffs.

31.    On August 14, 2012, Plaintiff possessed the rights, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable excessive force by law enforcement personnel, including city police officers.

32.    On August 14, 2012, at or around 12:45 p.m., Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive,

arrived, allegedly after a motorist informed them that there was a man with a gun, to 340 South "H" Street, Oxnard, California.

33.  At first contact, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, trespassed and entered onto the property, home of Mahoney, located at 340 South "H" Street, Oxnard, California. These officers immediately upon entering shot at Mahoney. No less-than-lethal measures were employed to attempt to resolve or control the situation, specifically knowing about Mahoney and his needs from just ten days before, or from past contacts with the Oxnard Police Department.

34.  The assault and shooting of Mahoney by said Defendants was in excess of any justifiable actions of Mahoney, and constituted an unreasonable and excessive use of force.

35.  Said Defendants acted specifically with the intent to deprive Mahoney of the following rights under the United States Constitution:

a.  Freedom from unreasonable and warrantless detentions by law enforcement personnel; and

b.  Freedom from unreasonable and warrantless searches by law enforcement personnel; and

c.  Freedom from unreasonable seizures, in the form of the use of excessive force,

d.  Freedom from a deprivation of liberty without due process of law;

e.  Freedom from summary punishment; and

f.  Right to be provided prompt and timely medical and/or other attention while under detention of Oxnard Police Department   and POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive;

36.  After being shot, Mahoney suffered fatal injuries to his person, depriving

Mahoney of his life.

37.     After inflicting the injuries and wounds on Mahoney, said Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, deliberately denied prompt and necessary medical attention to Mahoney thereby also violating his right to due process under the Fourteenth Amendment of the U.S. Constitution.

38.     Said Defendants and each of them, subjected Mahoney to the aforementioned deprivations by either actual malice or deliberate indifference and disregard of Mahoney's civil rights.

39.     Said Defendants, and each of them, acted at all times herein knowing full well that the established practices, customs, procedures, protocols, and policies of Defendants CITY OF OXNARD, as well as the OXNARD POLICE DEPARTMENT would allow a cover up and allow the continued use of illegal force in violation of the Fourth Amendment of the Constitution of the United States and the laws of the State of California.

40.     As a direct and proximate result of the aforementioned acts of said defendants, and each of them, Mahoney suffered injuries to his body and emotions.

41.     The aforementioned acts of said Defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

## II. COUNT TWO

## FAILURE TO SUMMON MEDICAL ASSISTANCE

**(AGAINST CITY OF OXNARD AND THE OXNARD POLICE DEPARTMENT AND OXNARD POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive.)**

42.     Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

43.     Plaintiffs invoke the supplemental jurisdiction of this Court to hear and determine this claim.

44.     The Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, owed a duty to Mahoney to summon medical assistance by virtue of their station as peace officers and because they caused the circumstances upon which Mahoney required medical assistance.

45.     Notwithstanding the duties owed to Plaintiff, officers and each of them, with negligence or deliberate indifference to the medical condition of Mahoney, failed and refused to promptly summon medical assistance for Mahoney, despite their ability and duty to do so.

46.     As a direct and proximate result of the foregoing, Mahoney has been damaged as recited herein, entitling him to compensatory, special, general and punitive damages and attorney's fees.

47.     The aforementioned acts of Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## III. COUNT THREE

### NEGLIGENCE

### (AGAINST ALL DEFENDANTS)

48.     Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

COMPLAINT FOR DAMAGES

49.   Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

50.   On the date of the fatal shooting of Mahoney, and thereafter, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, were duty bound by California Penal Code § 118.1 not to author, accept or otherwise present, or ratify false or misleading incident reports and were duty bound by the Fourteenth Amendment of the U.S. Constitution to ensure Due Process, and were duty bound to summon prompt medical assistance.

51.   Plaintiff is informed and believes and thereon alleges that on, about or after the date of Mahoney's fatal shooting as indicated herein, and thereafter, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive,, inclusive, did negligently, and in the absence of due care, approve the incident reports of the officers and thereby did negligently and carelessly ratify the wrongful and unlawful assault and fatal shooting, by said defendants, and ratified officers' failure to promptly summon medical assistance.

52.   Notwithstanding this knowledge, and in the absence of due care, supervisory DOE defendants authorized the false incident reports without questioning officers as to the contents of the report and without further investigating the veracity of the statements contained therein.   Supervisory DOE defendants knew or should have known that said reports were false and misleading and that the supporting evidence was false, but failed to take any reasonable measures to reject the reports and to ensure that said reports were not forwarded to the City and District Attorney's office for prosecution.

53.   Defendant CITY OF OXNARD is directly liable and responsible for the acts of officers, because the OXNARD POLICE DEPARTMENT and Defendant CITY OF OXNARD failed to adequately supervise, discipline or in any other way control said

defendants' exercise of their authority as described herein.

54.    Defendants CITY OF OXNARD is directly liable and responsible for the acts of officers, because defendant CITY OF OXNARD and supervising officers repeatedly and knowingly and negligently failed to enforce the laws of the State of California and the regulations of defendants CITY OF OXNARD, and their respective law enforcement department regarding the making of arrests in compliance with the Fourth Amendment,  the authoring of incident reports which accurately and truthfully represent the facts of an incident, and the planting of evidence, and the giving of perjured testimony, thereby creating within the said police department an atmosphere of lawlessness in which OPD officers would make or author false reports, use excessive force, fail to promptly summon medical assistance, and give perjured testimony, in the belief that such acts will be condoned and justified by their supervisors, and defendants CITY OF OXNARD and supervisors therefore were or should have been aware of such unlawful acts and practices prior to and at the time of the events alleged herein.

55.    As the actual and proximate result of the acts and omissions of said defendants as described herein, Plaintiff was made to lose freedom and liberty for the period stated above in violation of the Fourteenth Amendments' procedural and substantive due process guarantees. During said seizure, Mahoney suffered personal and bodily injuries, and during said, time he suffered severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

56.    Defendants CITY OF OXNARD, OXNARD POLICE DEPARTMENT and by POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive,were also negligent in failing to provide officers the proper and special training necessary for the duties they could foreseeably be expected to perform in the course of their employment in that officers received inadequate training in the correct and proper law enforcement tactics, arrest procedures, employment of weapons protocols, Fourth

Amendment search and seizure requirements, and report writing. As a direct and proximate result of this failure to provide adequate training, the seizure, fatal shooting, and de facto arrest of Mahoney occurred, causing Plaintiff the losses and injuries herein complained of.

57. Defendants CITY OF OXNARD and the OXNARD POLICE DEPARTMENT also negligently hired and retained officer when it was known or should have been known by Defendants CITY OF OXNARD and the OXNARD POLICE DEPARTMENT that these officers had used excessive force on members of the community, and/or had participated in the concealment and cover up of such law enforcement misconduct.

58.   Furthermore, said defendants failed to conduct adequate, thorough and meaningful background investigations of officers which would have disclosed prior acts of misconduct and criminal activity and which would have revealed that said defendants were not suitable candidates for service as law enforcement officers.

59.   As the actual and proximate result of the acts and omissions of said defendants as described herein, Plaintiff was made to lose freedom and liberty for the period stated herein in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said seizure Mahoney suffered personal and bodily injuries, and during said time Plaintiff suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

60.   Defendants CITY OF OXNARD and the OXNARD POLICE DEPARTMENT are liable via *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees, agents and representatives as alleged in this cause of action.

61.   The acts of VENTURA COUNTY MEDICAL CENTER AND HILLMONT PSYCHIATRIC CENTER, of negligently releasing Mahoney from their care during the month of August prematurely resulted in suffering and emotional

and psychological pain, suffering, anxiety, depression, anguish, and fear.

## IV. COUNT FOUR

## ASSAULT

**(AGAINST CITY OF OXNARD AND THE OXNARD POLICE DEPARTMENT AND OXNARD POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive.)**

63.    Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

64.    Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

65.    The CITY OF OXNARD , the OXNARD POLICE DEPARTMENT and POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, and each of them, did the acts and omissions herein alleged in bad faith and with knowledge that their conduct violated well-established and settled law.

66.    At the date, time and location, described herein, POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, knowingly and willfully, without provocation, necessity or lawful justification, or in excess of any provocation, necessity, or lawful justification, in violation of California Penal Code Sections 149 and 245, willfully assaulted and fatally shot Tacadena, as set forth herein.

67.    As a proximate result of the acts of Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, Mahoney was injured in health, strength and activity, sustaining injuries to his body and Mahoney sustained shock and injury to their nervous systems and person.

68.     The acts of Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, were willful, malicious and oppressive, in conscious disregard of Plaintiff's known rights and thereby justify the awarding of exemplary damages in the sum according to proof.

## V. COUNT FIVE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(AGAINST CITY OF OXNARD AND THE OXNARD POLICE DEPARTMENT AND OXNARD POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive.)**

69.     Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

70.     Plaintiffs invoke the supplemental jurisdiction of this Court to hear and determine this claim.

71.     On or about August 14, 2012 and thereafter, of Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, entered onto the Mahoney property and fired nine rounds at and into his body without reasonable cause or in excess of that required by the totality of the circumstances; subjected Mahoney to excessive and unreasonable force with the intent to inflict harm and injury and, thereafter, intentionally delayed procuring medical care; and conspired among themselves to suppress the true facts concerning the aforesaid incident with the purpose of further harming Plaintiff.

72.     In doing these acts, Defendants' conduct was intentional, outrageous, malicious, and done for the specific purpose of causing Mahoney to suffer extreme emotional distress, the indignity of being shot, and did in fact cause great fear, anxiety,

mental anguish and the his death.

73.    As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, severe mental, emotional and physical distress and is entitled to and demands against Defendants, jointly and severally, including, but not limited to compensatory, general, special, and punitive damages and attorney's fees.

## VI. COUNT SIX

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(AGAINST CITY OF OXNARD AND THE OXNARD POLICE DEPARTMENT AND OXNARD POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive.)**

74.    Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

.    Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

75.    On or about August 14, 2012, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 20, inclusive, unlawfully seized and attacked Mahoney without reasonable cause or in excess of that required by the totality of the circumstances; subjected Mahoney to excessive and unreasonable force, which negligently caused Mahoney harm and injury and, thereafter, these defendants negligently, delayed procuring medical care.

76.    In doing the aforementioned acts, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, had a duty to Plaintiff via their stations as peace officers and due to the fact that they caused the injuries Mahoney suffered and the situation which Plaintiff found himself in, and these

1    actions resulted in the death of Mahoney.

2

3                              **VI. COUNT SEVEN**

4                    **CONSPIRACY TO USE EXCESSIVE FORCE**

5    **(AGAINST CITY OF OXNARD, THE OXNARD POLICE DEPARTMENT AND**

6    **OXNARD POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE,**

7    **MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10,**

8    **inclusive.)**

9        77.    Plaintiff refers to and re-pleads each and every allegation above and by

10   this reference incorporates the same herein and makes each a part hereof.

11       78.    Plaintiff invokes the supplemental jurisdiction of this Court to hear and

12   determine this claim.

13       79.    On or about August 14, 2012, Oxnard Police Department POLICE

14   OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND

15   POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive,, thereafter, planned

16   and conspired among themselves to cooperate with each other to cause Plaintiff

17   physical, mental and pecuniary harm and carried out their design by fatally shooting

18   Tacadena and conspiring to cover-up the actions of Defendants.

19       80.    Further, as part and parcel of the conspiracy, Defendants intentionally

20   misled and made false statements to supervisors and investigators who were

21   conducting the investigation of the case-in-matter, which investigation, if properly

22   conducted, would have exposed Defendants' corrupt plan and resulted in discipline of

23   Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID

24   MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1

25   through 10, inclusive,.

26       81.    Defendants' acts and omissions as herein alleged proximately caused

27   Plaintiff's significant physical pain, mental anguish, and the death of Mahoney.

28       82.    Defendants, CITY OF OXNARD and the OXNARD POLICE

DEPARTMENT with reasonable care should have known, that the above-described traits of character, practices and propensities of the Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, made them unfit to serve as peace officers and were likely to cause harm and injury to members of the public including persons detained, arrested or in the custody of said defendants.

83.     Notwithstanding such knowledge, Defendants CITY OF OXNARD and the OXNARD POLICE DEPARTMENT negligently and carelessly employed, retained and failed to properly supervise, train and control Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, and each of them, as peace officers for  Defendants CITY OF OXNARD and the OXNARD POLICE DEPARTMENT and assigned said defendants to duties which enabled each of them to employ excessive, unnecessary, unreasonable and deadly force in effecting arrests, and against persons who were already detained, arrested, shot and motionless, and causing the fraudulent and malicious criminal prosecution of innocent citizens while purporting to act under the color of law.

84.     As a proximate result of the negligence and carelessness of defendants, and each of them, Plaintiff suffered severe physical, mental and pecuniary harm, and Mahoney's death, all to the Plaintiff's damage in a sum according to proof.

## VIII. COUNT EIGHT

## VIOLATION OF CAL. GOVERNMENT CODE §845.6

## (Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, Individually and as Employees of defendant CITY OF OXNARD)

85.    Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

86.    Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

87.    Each DOE officer owed a duty to Mahoney to summon medical assistance by virtue of California Government Code Section 845.6, which states, *inter alia*, that: "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

88.    Notwithstanding the duty owed to Mahoney via California Government Code Section 845.6, deputies, and each of them, with negligence or deliberate indifference to the medical condition of Mahoney, failed and refused to promptly summon medical assistance for Mahoney, despite their ability and duty to do so.

89.    As a direct and proximate result of the foregoing, Mahoney was killed, and the Plaintiff has been damaged as recited herein, entitling Plaintiff to compensatory, special, and general and punitive damages and attorney's fees.

90.    The aforementioned acts of officers were willful, wanton, malicious, and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

## IX. COUNT NINE

### VIOLATION OF THE BANE ACT (CAL. CIV CODE §52.1) and STATE CIVIL RIGHTS (AGAINST DEFENDANT OFFICER DOE 1)

91.    Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph as though fully set forth herein.

92.    Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

93. As herein alleged, commencing on or about August 14, 2102, and thereafter, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10, inclusive, knowingly, willfully and purposely violated California Civil Code §52.1, to wit, Defendant inflicted violence and conspired, aided, abetted and incited the infliction of violence against Plaintiff.

94. As the proximate cause of defendant as herein alleged, Plaintiff was damaged in an amount not presently ascertained, but subject to proof at trial.

95. Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through120, inclusive, conduct was malicious, willful, fraudulent and oppressive, done with a conscious disregard for Plaintiff's rights and with the intent to injure Plaintiff thereby, justifying the award of exemplary damages in a sum to be determined according to proof.

## X. COUNT TEN

### WRONGFUL DEATH

### (AGAINST DEFENDANTS COUNTY OF LOS ANGELES; CITY OF LYNWOOD; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; DEPUTY DEFENDANT DOE 1; and DOES 2-10)

96. Plaintiff repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

97. Pursuant to California Code of Civil Procedure Section 377.30, plaintiff brings this action alleging defendants wrongfully deprived decedent Mahoney of his life, resulting in damages, love and society, for which defendants are liable.

98. Plaintiffs allege that on or about August 12, 2012, Oxnard Police Department POLICE OFFICER DEFENDANTS JOE BENTLEY, DAVID MCALPINE, MANUEL PEREZ AND POLICE OFFICER DEFENDANTS DOES 1 through 10,

inclusive,did negligently, carelessly and without due care, and without cause or provocation, fatally shoot and kill decedent Mahoney.

99.   Said shooting occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force, and said shooting manifested an unreasonable risk of injury to Mahoney.  Said defendants unreasonably and unjustifiably shot and killed Mahoney without cause or provocation.

100.   As a proximate result of the above-described acts and omissions of defendant, Plaintiff was deprived of the life-long comfort, love, support, society, care and sustenance of decedent Mahoney and will continue to be so deprived for the remainder of natural life, all to her damage and which is hereby sought according to proof.

## XI. PRAYER

WHEREFORE, Plaintiff for each and every cause of action above, pray for the following relief, jointly and severally, against all the defendants;

a)   Compensatory, general, economic, and special damages in an amount in accordance with proof; and

b)   Exemplary damages in an amount sufficient to deter and to make an example of the defendants; and

c)   Reasonable attorney's fees and expenses of litigation, including those fees permitted by 42 U.S.C. §1988; and

d)   Costs of suit necessarily incurred herein; and

e)   Prejudgment interest according to proof; and

f)   Such further relief as the Court deems just or proper.

DATED:  July 31, 2014

**Law Offices of James P. Segall-Gutierrez**

By _____
James P. Segall-Gutierrez
Attorney for Plaintiff Edward Mahoney

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand that the present matter be set for jury trial.

DATED:  July 31, 2014

**Law Offices of James P. Segall-Gutierrez**

By _____
James P. Segall-Gutierrez
Attorney for Plaintiff Edward Mahoney

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| EDWARD MAHONEY, father and an individual Succesor in Interest to decedent Michael Mahoney. | CITY OF OXNARD, OXNARD POLICE DEPARTMENT, OXNARD POLICE OFFICERS JOE BENTLEY, DAVID MCALPINE, AND MANUEL PEREZ; et al. |

| (b) County of Residence of First Listed Plaintiff   Ventura | County of Residence of First Listed Defendant   Ventura |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|
| Law Offices of James P. Segall-Gutierrez<br>6709 Greenleaf Avenue, Suite 202<br>Whittier, CA 90601 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Sec 1983, 1985, ~~1988~~ 1231 violation of Civil Rights

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

| FOR OFFICE USE ONLY:   Case Number: | |
|---|---|

CV14-6065

CV-71 (06/14)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question B.2. |
| If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No | | ☐ NO.  Continue to Question C.2. |
| If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No | ☐ Yes  ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E,  below, and continue from there. If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E,  below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☒ Yes  ☐ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any cases previously filed **in this court**?     ☒ NO     ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**          DATE: July 31, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |